| | |
|---|---|
| THOMAS RUMLEY,  )<br>    Plaintiff,  )<br>  v.  )<br>                      )<br>CITY OF GRAHAM, JASON MOORE,  )<br>individually and in his official capacity  )<br>TOMMY COLE, individually and in his  )<br>official capacity, MEGAN GARNER,  )<br>individually and in her official capacity,  )<br>    Defendants.  )<br>                      ) | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

**NOW COMES** the Plaintiff, by and through counsel, and alleges the following:

## PARTIES, CAPACITY, JURISDICTION, AND VENUE

1. Plaintiff, **THOMAS RUMLEY** (hereinafter referred to as "Plaintiff") is a resident of Alamance County, North Carolina and has been so within the preceding six months.

2. Defendant **CITY OF GRAHAM**, located in Graham, North Carolina, in the County of Alamance, is a municipal body politic and corporate with its principal place of business at 201 South Main Street, Graham, NC 27253.

3. Defendant City of Graham will for all intent and purposes be referred to as "Defendant Graham" "the City" throughout this Complaint.

4. Defendant Jason Moore ("Defendant Moore" or "Captain Moore") is an employee of the City and is a resident of Alamance County, North Carolina and has been so within the preceding six months.

5. Defendant John T. "Tommy" Cole ("Defendant Cole" or "Chief Cole") is the fire chief and an employee of the City and is a resident of Alamance County, North Carolina and has been so within the preceding six months.

6. Defendant Megan Garner ("Defendant Garner" or "Ms. Garner") is the City Manager and an employee of the City and is a resident of Alamance County, North Carolina and has been so within the preceding six months.

7. Plaintiff was an employee of the City who was over the age of 40 at the time of the acts and occurrences described in the Complaint.

8. That the primary acts occurred in Graham, Alamance County, North Carolina.

9. That this is an action for discrimination of the basis of age, retaliation; wrongful termination in violation of public policy; deprivation of rights pursuant to 42 U.S.C. § 1983 and tortious interference of an employment contract.

## FACTUAL ALLEGATIONS

10. On or around November 28, 1996, Plaintiff started working with the City and began working for the Fire Department April 2, 2002.

11. Captain Moore arrived at the Fire Department at in May of 2020.

12. On or around November 4, 2021, Plaintiff was the recipient of hostile behavior from Captain Moore. He interrogated Plaintiff about the fire station carpets and had a heated exchange with FEO Bradley Pickard about the floors in the station.

13. On or around November 9, 2021, Plaintiff along with twenty (20) additional members of the City of Graham Fire Department, signed an EEOC protected complaint against Captain Jason Moore for hostile work environment.

14. The complaint against Captain Moore included, among other things: demanding, demeaning, condescending and aggressive behavior towards firefighters of the department; safety concerns around him, undermining firefighters during emergency calls; inappropriate behaviors towards EMS personnel, police, Alamance County Rescue, Fire Instructions, EMS instructors and other partners; harassment of older more seasoned members; created and enforcing rules that he doesn't adhere to; disparate discipline of members based on age; and belittling employees in front of the team.

15. On or around November 18, 2021, Chief Cole sent Plaintiff an email acknowledging that Plaintiff was a signatory to the November 9, 2021 complaint against Captain Moore.

16. On around November 23, 2021, Captain Moore completed Plaintiff's yearly performance evaluation even though Plaintiff had lodged a complaint against him.

17. On or around January 13, 2022, Plaintiff had meeting with Captain Moore over incident on medical call. Captain Moore questioned why Plaintiff had not assisted with a stretcher for a patient. Plaintiff informed Captain Moore of his back issues and that other employees had it handled. Chief Cole joined the meeting, both officers questioned Plaintiff in a condescending and pressuring manner to force an admission that Plaintiff could not perform his duties. Plaintiff advised them that he could handle his duties.

18. On or around January 25, 2022, the investigation into Captain Moore was concluded without any disciplinary action taken towards him.

19. On or around February 10, 2022 through March 14, 2022, Plaintiff took a leave of absence from work due to mental stress at the hands of Captain Moore.

20. On or around February 22, 2022, while Plaintiff was on mental health leave due to Captain Moore's harassment, he received an email from him regarding FMLA

Paperwork. This paperwork should have come from human resources rather than his harasser.

21. On or around March 11, 2022, Plaintiff emailed City Manager Megan Garner and Asst. City Manager Aaron Holland regarding his return to work. Plaintiff returned to work on March 15, 2022.

22. On or around April 25, 2022, Plaintiff received a letter written to the City Manager regarding Chief Cole using City vehicle dangerously and not for City of Graham business. The practice of driving emergency traffic for personal use is prohibited under City of Graham Policy. Disciplinary action was not taken against Chief Cole for this incident.

23. After returning from mental health leave, Plaintiff received a written warning for failure to complete daily duties on or around May 19, 2022. Plaintiff emailed Captain Moore on May 20, 2022 in response to the written warning.

24. On or around May 23, 2022, Plaintiff filed a formal complaint against Chief Cole and Capt. Moore regarding the hostile work environment they created against him. In Plaintiff's complaint, he explained that on May 19, 2022, Chief Cole exhibited aggressive behavior toward Plaintiff by yelling at him and stating "I'm tired of your attitude and I don't want to hear anything else about targeting." Plaintiff didn't mention anything about targeting in that meeting. Chief Cole's behavior was a clear indication of his retaliation against Plaintiff for his participation in the complaints against Capt. Moore.

25. The hostile work environment continued. On or around May 19, 2022, Captain Moore cursed and berated Plaintiff and another employee.

26. On around May 23, 2022, a formal complaint of No Confidence was filed by the workers of the Graham Fire Department against Chief Cole.

27. On June 3, 2022, Plaintiff received a notification from Lorrie Andrews, Human Resources Director, disposing of his complaint against Chief Cole and Capt. Moore filed on May 23, 2022. Ms. Andrews found no evidence to sustain a policy violation against Chief Moore but did not interview Plaintiff's witness to confirm his complaints.

28. Plaintiff continued to have issues with Chief Cole and Captain Moore. On or around June 16, 2022, Plaintiff met with Capt. Moore and Chief Cole where Chief Cole scrutinized Plaintiff's tone on how he responded over radio traffic and threatened that he was contemplating sending Plaintiff home that night. When Plaintiff asked other coworkers if his tone had been condescending, all co-workers advised that he sounded like he always did.

29. On around June 28, 2022, Plaintiff requested vacation time off from Chief Cole. He responded that Plaintiff had to sign his evaluation to get his time off. Later that day, HR contacted Plaintiff who informed him that he could sign the evaluation that he disagreed with. That day, Plaintiff filed a complaint with the City Manager, Megan Garner letting them know that he should not have been forced to sign his evaluation that he did not agree with to receive his accumulated paid time off.

30. Plaintiff received a final written warning on July 28, 2022 for not completing online training. Plaintiff was unable to complete this training because he was out on medical leave and the psychological distress he suffered in the hostile work environment created by Chief Cole and Capt. Moore.

31. In response to the final written warning, Plaintiff submitted documentation to the City of other employees that had not completed training requirements and had not been written up or given a timeline.

32. On or around August, 2, 2022, the City unsubstantiated the allegations by the workers of the Fire Department against Chief Cole. The City never provided the investigation report to Plaintiff or the rest of the complainants.

33. On or around August 24, 2022, John Perez, a younger employee in his 20s with no driving experience emailed Plaintiff stating that he had been cleared to drive by Capt. Moore without completing his training requirements. On or around September 24, 2021, Capt. Moore emailed the department informing them that FEO John Perez was cleared for all driving duties. Mr. Perez had not completed the training. Capt. Moore forged the paperwork for his clearance.

34. Capt. Moore would not permit William Perry, fire department employee in his 60s with over thirty (30) years of driving experience to drive allegedly due to incomplete training requirements.

35. On or around October 31, 2022, Chief Cole informed Plaintiff to obtain a physical. On or around November 1, 2022, Plaintiff scheduled a physical.

36. On or around November 4, 2022, Plaintiff received a Pre-Disciplinary Notice. The Pre-Disciplinary Conference was held on November 11, 2022.

37. Plaintiff received the Notice of Dismissal on November 8, 2022 effective immediately. The dismissal provided an incomplete factual basis and omitted pertinent information that would have avoided termination.

38. In December 2022, Plaintiff filed a claim with the EEOC for age discrimination and retaliation.

## FIRST CAUSE OF ACTION: DEPRIVATION OF RIGHTS IN VIOLATION OF 42 U.S.C § 1983 AGAINST ALL DEFENDANTS

39. The allegations in paragraphs 1 through 38 are realleged and incorporated herein by unsubstantiated reference.

40. The City of Graham had a policy or custom of harassing older more seasoned members and disparate discipline of members based on age.

41. This policy or custom is fairly attributable to the municipality in that the City conducted an investigation of Chief Tommy Cole into the treatment of employees by Fire Department officials in which they denied and unsubstantiated the employees' and volunteers' allegations on or around August 2, 2022.

42. This policy or custom is fairly attributable to the municipality in that on or around January 25, 2022, Chief Tommy Cole notified the employees and volunteers that the City of Graham Fire Department performed an investigation against Captain Jason Moore, it was completed; and as a result, no action was taken against Capt. Moore.

43. This policy or custom proximately caused the deprivation of Plaintiff's constitutional right for equal protection and equal privileges under the law.

## SECOND CAUSE OF ACTION: VIOLATION OF NORTH CAROLINA WAGE AND HOUR ACT N.C. GEN. STAT. § 95-25.6, § 95-25.8 & § 95-25.12

44. The allegations in paragraphs 1 through 43 are realleged and incorporated herein by reference.

45. The City failed to give all vacation time off or payment in lieu of time off in accordance with the company policy or practice.

46. The City improperly withheld the wage benefit of paid vacation time off because Plaintiff did not sign his evaluation, which is a reason not covered under North Carolina law.

## THIRD CAUSE OF ACTION:
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY PURSUANT TO N.C. GEN. STAT. §143-422.2 AGAINST DEFENDANT CITY OF GRAHAM

47. The allegations in paragraph 1 through 46 are realleged and incorporated herein by reference.

48. Defendant City of Graham terminated the plaintiff.

49. Plaintiff was wrongfully terminated on the basis of his age and for complaining of actions taken against him due to his age and disability.

50. The plaintiff was protected by this public policy pursuant to N.C. Gen. Stat §143-422.2.

51. The defendant's motivation in terminating the plaintiff violated this public policy.

## FOURTH CAUSE OF ACTION:
## BREACH OF IMPLIED CONTRACT AGAINST DEFENDANT CITY OF GRAHAM

52. The allegations in paragraphs 1 through 51 are realleged and incorporated herein by reference.

53. Plaintiff rendered services as a fire equipment operator for the City.

54. Plaintiff's services were knowingly and voluntarily accepted.

55. Plaintiff's services were not given gratuitously. Defendant paid Plaintiff approximately $51,500 a year.

56. Plaintiff is owed damages based on the period after he was terminated, as well as loss of retirement, loss of benefits and consists of his anticipated fees for work and expenses plus a termination fee.

## FIFTH CAUSE OF ACTION:
## TORTIOUS INTERFERENCE WITH EMPLOYMENT CONTRACT AGAINST DEFENDANTS MOORE AND COLE

57. The allegations in paragraphs 1 through 56 are realleged and incorporated herein by reference.

58. Plaintiff had a valid employment contract with Defendant City of Graham since November of 1996.

59. Defendants Tommy Cole and Jason Moore were aware that Plaintiff was employed with the City of Graham as they were supervisors of Plaintiff.

60. Defendants Cole and Moore intentionally interfered with Plaintiff's regular course of work, discriminating against Plaintiff and holding him to a different standard than that of younger employees.

61. As a direct and proximate result of Defendants interference, as alleged herein, Plaintiff has suffered: financial injuries, loss of income, loss of retirement, and emotional pain and suffering.

## SIXTH CAUSE OF ACTION:
## BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING AGAINST S&ME

62. The allegations in paragraphs 1 through 61 are realleged and incorporated herein by reference.

63. Defendant City of Graham breached its implied duty of good faith and fair dealing in their dealings with plaintiff in connection with the employment agreement.

WHEREFORE, Plaintiff requests the following prayer for relief against defendants as follows:

1. Compensatory damages including back pay and front pay.

2. Pain and suffering damages.

3. Punitive damages.

4. Prejudgment interest as provided by law.

5. Post-judgment interest as provided by law.

6. Costs of suit.

7. Attorney's Fees.

8. That all issues of fact be tried by a jury.

9. For such other and further relief to which Plaintiff may justly be entitled.

Respectfully Submitted,

    This the 16th day of April, 2024.

                                                            ATTORNEY FOR PLAINTIFF

                                                            /s/Carena Brantley Lemons_____
Carena Brantley Lemons
THE LEMONS LAW FIRM, PLLC
8480 Honeycutt Rd #200
Raleigh, North Carolina  27615
Phone: (919) 688-7799
Fax:    (866) 302-5417
North Carolina Bar State No: 28249
carena@thelemonslawfirm.com

# VERIFICATION

I, **Thomas Rumley**, being first duly sworn, deposes and says that I am the Plaintiff in the above action, that I have read and reviewed the foregoing amended complaint and it is true to the best of my knowledge, except as to those matters which are alleged upon information and belief, and as to those I believe them to be true.

This the 3rd of April 2024.

_____
**Thomas Rumley**

Sworn to and Subscribed before me,
This the 3rd day of April 2024.

_____
Notary Public

My Commission Expires: April 29, 2028

[Notary Seal: KELLY B EARLEY, NOTARY PUBLIC, ALAMANCE COUNTY, NC]